UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLEN JONES WARD,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF IDAHO; IBOC; and IDOC,<br><br>　　　　　　Respondents. | Case No. 1:20-cv-00141-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Glen Jones Ward has filed a document that the Court construes as a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 2. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

**REVIEW OF PETITION**

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

INITIAL REVIEW ORDER - 1

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.      Discussion**

Petitioner has not included enough facts in the Petition to proceed at this time. Indeed, Petitioner has identified neither the conviction challenged nor any particular habeas claim. Instead, Petitioner appears to seek legal advice regarding the filing of a successive post-conviction petition in state court and regarding statute of limitations issues.

The Court cannot give Petitioner legal advice. If Petitioner intends to proceed with a federal habeas petition, he must file an amended petition within 28 days.

Any amended petition must comply with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." The Clerk of Court will be directed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition.

Petitioner should be aware that the proper respondent in this habeas corpus action is the warden of the facility in which Petitioner is confined. *See* Habeas Rule 2(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 6) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. If Petitioner fails to file a timely amended petition, this case may be dismissed without further notice for failure to prosecute or failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

3. The Clerk of Court is directed to provide Petitioner with a form § 2254 petition.

DATED: April 21, 2020

/s/ Candy W. Dale

Honorable Candy W. Dale
United States Magistrate Judge

INITIAL REVIEW ORDER - 3