UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLEN JONES WARD,<br><br>      Petitioner,<br><br>v.<br><br>ALBERTO RAMIREZ,[1]<br><br>      Respondent. | Case No. 1:20-cv-00141-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

On April 21, 2020, the Court reviewed Petitioner Glen Jones Ward's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). *See* Initial Review Order, Dkt. 8. The Court determined that the Petition required clarification. The Court gave Petitioner an opportunity to file an amended petition, which Petitioner has now done. The Court will refer to the operative pleading in this action as the "Second Amended Petition." *See* Dkt. 11. Petitioner has also requested that this case be reassigned to a different judge.

1. **Request for Disqualification**

Petitioner has filed a "Motion to Change Judge," in which he requests disqualification or recusal of the undersigned judge. Dkt. 14.

---

[1] Petitioner also names the State of Idaho as a respondent. However, because Warden Alberto Ramirez appears to be the appropriate respondent in this action, the Court will terminate the State of Idaho as a respondent.

Petitioner has not shown that 28 U.S.C. §§ 144[2] or 455[3], governing disqualification of judges, or any case interpreting those sections, applies in this case. Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. The basis for Petitioner's request for recusal is the undersigned judge's rulings

---

[2] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding … makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3] Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

in Petitioner's other cases, which are "the basis for appeal, not recusal." *Focus Media, Inc.*

*v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

Nor has Petitioner shown that the undersigned's rulings in his previous cases were the "product[] of deep-seated favoritism or antagonism that made fair judgment impossible." *Id*. (internal quotation marks and alteration omitted). Therefore, Petitioner's request for disqualification will be denied for lack of a viable legal theory and for insufficient supporting evidence.

The Court now turns to its review of the Second Amended Petition.

## 2.      Standard of Law Governing Summary Dismissal

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

## 3.      Discussion

In the Seventh Judicial District Court in Bonneville County, Idaho, Petitioner pleaded guilty to one count of lewd conduct with a minor under the age of sixteen and one count of sexual abuse of a minor under the age of sixteen. The judgment of conviction was entered on June 25, 2014. Petitioner was sentenced to eighteen years in prison. Petitioner pursued a direct appeal as well as state post-conviction relief. *See* Dkt. 11 at 1–4.

The Court construes the Second Amended Petition as asserting the following claims.[4] Claim 1.1 asserts that the state courts lacked jurisdiction on numerous grounds. Claim 1.2 appears to allege that Petitioner's appellate counsel rendered ineffective assistance by failing to raise this issue. *Id*. at 7–8.

Claim 2 asserts a denial of due process based on Petitioner's lack of criminal intent. This may be a claim that there was an insufficient factual basis for Petitioner's guilty plea with respect to the intent element of the charges. *Id*. at 7, 9.

Claim 3 asserts a denial of due process on various grounds. Claim 3.1 asserts that Detective Marley was not a witness to the crime and may also be intended to assert that there was an insufficient factual basis for Petitioner's guilty plea. Claim 3.2 appears to assert a violation of Petitioner's Fifth Amendment right to be free from compelled self-incrimination. Claim 3.3 asserts Fifth and Sixth Amendment violations based on *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Massiah v. United States*, 377 U.S. 201 (1964). Claim 3.4 asserts a Fourth Amendment violation based on Petitioner's allegedly illegal arrest. Claim 3.5 appears to assert either that the trial court erred in denying a motion to suppress, or that Petitioner's counsel rendered ineffective assistance in failing to file a motion to suppress. Claim 3.6 asserts a violation of Petitioner's Fifth Amendment right to speak to an attorney before answering questions.[5] *Id*. at 7, 10.

---

[4] The Court has added numeric designations and, in some cases, has altered such designations as set forth in the Second Amended Petition. In addition, it is not always clear from the Amended Petition what, precisely, Petitioner is intending to assert. If Petitioner disagrees with the Court's construction of the claims in the Second Amended Petition, he must file a notice, within 14 days after entry of this Order, identifying the claims that the Court has misconstrued and explaining those claims further.

[5] Claim 3.7 states that Petitioner's due process rights are guaranteed by the Constitution. This is a legal statement, not an independent constitutional claim. Thus, this "claim" will be dismissed.

Claim 4 asserts "malicious pursuit" by way of entrapment, failure of police officers to follow the requirements of the Fifth and Sixth Amendments, dismissal of Petitioner's pro se motions by the trial court, failure to guarantee Petitioner's freedom of speech and religion, unreasonable searches and seizures, and withholding of evidence and witnesses. *Id*. at 7, 12. Most of the allegations set forth in this claim are far too general to permit Petitioner to proceed, and others simply reassert claims already accounted for in other parts of the Second Amended Petition. Therefore, the Court will permit Claim 4 to proceed only as a claim that the prosecution failed to disclose material, favorable evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), the nature and extent of the claim being defined by however Petitioner raised the claim in state court.

Claim 5 asserts "fraudulent legal counsel," which implicates the Sixth Amendment right to the effective assistance of counsel. *Id*. at 7. Claim 5.1 appears to assert that counsel should have called witnesses in Petitioner's defense and that Petitioner's counsel lied to the trial court by stating, "No witnesses." Claim 5.2 alleges that Petitioner's counsel "lied, manipulated his testimony, and coerced [Petitioner] into pleading guilty." Claim 5.3 asserts that direct appeal counsel rendered ineffective assistance with respect to an argument regarding a motion to withdraw Petitioner's guilty plea. *Id*. at 13–14.

Claim 6.1 asserts that Petitioner's guilty plea was invalid and appears to rest on the same grounds as Claim 5.2.[6] Claim 6.2 alleges ineffective assistance of appellate counsel

---

[6] Claim 6 also appears to assert violations of Idaho state law with respect to Petitioner's motion to withdraw his guilty plea, ineffective assistance of counsel during post-conviction proceedings, and a due process violation with respect to Petitioner's motion to disqualify the post-conviction judge. These portions of Claim 6 will be dismissed because (1) federal habeas relief is not available for state law violations, such as

for ignoring that issue on appeal and may simply be a restatement of Claim 5.3. *Id*. at 7, 14.

Claim 7.1 alleges a due process violation based on the trial judge's refusal to disqualify himself. Claim 7.2 asserts ineffective assistance of appellate counsel for failing to raise this issue.[7] *Id*. at 7, 15.

Claim 8.1 asserts prosecutorial misconduct based on the prosecutor's alleged intimidation of witnesses and false statements. Finally, Claim 8.2 asserts a *Brady* violation based on "purposefully withholding exculpatory evidence/witnesses," which seems simply to restate Claim 4. *Id*. at 7, 16.

Petitioner may proceed on these claims[8] to the extent that they (1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. It is necessary for the Court to review portions of the state court record to resolve preliminary procedural issues, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and

---

claims of error in post-conviction proceedings, and (2) there is no right to counsel in post-conviction proceedings. *See* §§ 4.A. & 4.C., below.

[7] The remaining allegations in Claim 7 are insufficiently specific to state a constitutional deprivation, and any claims based on those allegations will, therefore, be dismissed.

[8] Petitioner asserts other claims throughout the Second Amended Petition—for example, claims under the Seventh, Eighth, Ninth, Tenth, Eleventh, and Thirteenth Amendments. However, because those constitutional provisions are not implicated by Petitioner's allegations, the Court will dismiss all claims other than those expressly permitted to proceed in this Order.

who will provide relevant portions of the state court record to this Court.

**4.     Potentially Applicable Standards of Law**

Because Petitioner is pro se and because the Court finds that focused briefing from the parties would be beneficial in this case, the Court provides the following standards of law that might, or might not, be applicable to the Petition.

### *A.     Only Federal Claims Are Cognizable in this Action*

As stated earlier, federal habeas corpus is available if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), such as claims of error during state post-conviction proceedings, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Additionally, Fourth Amendment claims are not cognizable on federal habeas review, so long as the petitioner had an opportunity for full and fair litigation of the Fourth Amendment claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976).

### *B.     Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[9] 28 U.S.C. § 2244(d)(1)(A). However, the one-year statute of

---

[9] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The statute of limitations can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). In addition, AEDPA's statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v.*

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

*Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

### C.    *Exhaustion and Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman*, 501 U.S. at 731, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel of trial or direct appeal counsel to serve as cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.") If the ineffective assistance

asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance claim could have been brought; and (4) state law requires that an ineffective assistance claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).

Any argument that a claim is procedurally defaulted must identify the proceeding in which the claim was purportedly defaulted and, if the claim was raised in state court at

*any* point (in a procedurally proper manner or not), must also include a citation to the state court record where the claim was raised.

5.    **Request for Appointment of Counsel**

Petitioner has also requested appointment of counsel. Dkt. 11 at 17. There is no constitutional right to counsel in a habeas corpus action. *Coleman*, 501 U.S. at 755. A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 11), it will be unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel without prejudice.

## ORDER

**IT IS ORDERED:**

1.    Petitioner's Motion to Change Judge (Dkt. 14) is DENIED.

2.    Petitioner's Motion to Amend the Amended Petition (Dkt. 10) is GRANTED IN PART, to the extent that the document filed on May 19, 2020, and found at Docket No. 11, will be considered the operative petition in this case. To

ensure clarity in the record, the Court instructs the Clerk of Court to rename Docket No. 11 as the "Second Amended Petition for Writ of Habeas Corpus."

3.  <u>Petitioner may proceed against Respondent Ramirez on the following claims, as described in this Order</u>: Claims 1.1 and 1.2, Claim 2, Claims 3.1 through 3.6, Claim 4, Claims 5.1 through 5.3, Claims 6.1 and 6.2, Claims 7.1 and 7.2, and Claims 8.1 and 8.2. <u>All other claims are DISMISSED, and all other named respondents are TERMINATED as parties to this action</u>.

4.  The Clerk of Court will serve (via ECF) a copy of the Second Amended Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

5.  Within 120 days after service of the petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first may consider the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or any claims not disposed of on the merits that appear subject to procedural defenses, the Court may then

determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

6.      Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the Petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

7.      If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

8.      If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

9.      In the response to the habeas petition, whether a motion or an answer and

brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

10.    No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

11.    No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

12.    The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

13.    Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon

whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

14. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

15. Petitioner must at all times keep the Court and Respondent advised of any change in address.

16. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: June 19, 2020

David C. Nye
Chief U.S. District Court Judge